UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA ALICE PAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SUNNYVALE,<br><br>  Defendant. | Case No. 5:17-cv-01128-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Plaintiff Maria Alice Pan brings claims under 42 U.S.C. § 1983 against the City of Sunnyvale for violations of her First and Fourth Amendment rights. Before the Court is the City's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(b). The City's motion will be GRANTED.

**I.  BACKGROUND**

At a City Council meeting on December 13, 2016, Pan alleges that she took the podium to speak. Compl. 4, Dkt. No. 1. While she was at the podium, the City "used a x-ray type device and saw into Plaintiff's clothing." Id. Images of her undergarments and thighs were projected onto two large screens at the meeting and were broadcasted on KSUN-15 (a television channel) and the

1 internet. <u>Id.</u>

2      Pan alleges that at another City Council meeting on January 10, 2017, "after [she] sat down, [she] could feel radiation over [her] body." <u>Id.</u> The radiation caused "unbearable pain," and "[o]ne of the councilmembers . . . grimaced as he could see into my body on his computer screen." <u>Id.</u>

6      Pan also alleges that the City "is framing [her] as a spy." <u>Id.</u>

7      Pan claims that she suffered constitutional violations and mental and emotional anguish. <u>Id.</u> Pan asks the Court to order the City to install "metal screening devices at the entrance to City Council chambers, to cease using electronic devices which surreptitiously search through Plaintiff's clothing, and to cease framing Plaintiff as a spy to deprive constitutional rights." <u>Id.</u> Pan also seeks compensatory and punitive damages "not to be less than ten million dollars." <u>Id.</u>

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims alleged in the complaint. <u>Parks Sch. Of Bus., Inc v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcoft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

Courts "should freely give leave [to amend] when justice requires." Fed. R. Civ. P. 15(a)(2); <u>In re Korean Air Lines Co., Ltd.</u>, 642 F.3d 685, 701 (9th Cir. 2011). Absent a showing of prejudice, delay, bad faith, or futility, there is a strong presumption in favor of granting leave to amend. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. 28 U.S.C. § 1915(e)(2)(b)

Under 28 U.S.C. § 1915, courts may dismiss claims "whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

Case No.: 5:17-cv-01128-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

2

## III. DISCUSSION

### A. First Amendment

Pan argues that a First Amendment violation occurred because she was humiliated when her undergarments and thighs were displayed on screens and broadcasted to the public. Pl.'s Opp'n to Def.'s Mot. to Dismiss 4 ("Opp'n"), Dkt. No. 14. She was also humiliated when her body was painfully "scanned" and images were produced of her "innards." Id.

The City argues that it placed no viewpoint restrictions on Pan's speech at City Council meetings. Def.'s Mot. to Dismiss 6–8, Dkt. No. 9. Pan has not alleged that her access to political speech was obstructed as compared to any other participant. In both meetings, Pan was allowed to speak freely, and she admits that she "continued [her] speech despite the deterrence." Opp'n 4. Pan concedes that she was not deterred from participation in the political process. Id.

The Court finds that Pan's allegations do not show that the City restricted her freedom of speech in violation of the First Amendment. Pan's other claims —that the City used an "x-ray type device" to see inside her clothing, that it used radiation to see inside her body, and that it framed her as a spy—do not state plausible First Amendment violations.

### B. Fourth Amendment

Pan alleges that the City used an "x-ray type device," "saw into [her] clothing," and broadcasted images of her undergarments. Pan also alleges that the City exposed her to radiation and a councilmember saw "into [her] body on his computer screen." The Court finds that Pan's allegations do not raise Fourth Amendment concerns because they do not plausibly show that any Fourth Amendment violation occurred.

### C. Punitive Damages

A plaintiff may not recover punitive damages from a municipality on a federal claim brought under 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Additionally, the California Government Code bars punitive damage awards against public entities. Cal. Gov't Code § 818.

### III. CONCLUSION

The City's motion to dismiss is GRANTED without leave to amend. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 21, 2017

EDWARD J. DAVILA
United States District Judge